IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC L. WAKEFIELD, #201900235, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-01766-JPG |
| | ) |
| FRANKLIN COUNTY SHERIFF DEP'T, | ) |
| DAVID BARTONI, | ) |
| and KYLE BACON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Eric Wakefield, an inmate at Franklin County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1, pp. 1-10). In the Complaint,[1] Plaintiff alleges that Defendants ignored thirty grievances he filed about inadequate treatment of an aneurysm for seventeen months beginning September 26, 2019. (*Id*. at 6, 8). He allegedly filed copies of these grievances in *Wakefield v. Franklin County Jail, et al.*, No. 21-cv-867-JPG (S.D. Ill. 2021).[2]

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

---

[1] This is one of six lawsuits that Plaintiff filed in this Court on August 3, 2022. He also filed *Wakefield v. Christopher Police Dep't, et al.*, No. 22-cv-1764-JPG (S.D. Ill. 2022); *Wakefield v. SIU Credit Union, et al.*, No. 22-cv-1767-NJR (S.D. Ill. 2022); *Wakefield v. Franklin County Jail, et al.*, No. 22-cv-1768-JPG (S.D. Ill. 2022); *Wakefield v. District Attorney's Office, et al.*, No. 22-cv-1769-DWD (S.D. Ill. 2022); and *Wakefield v. Franklin County Courts, et al.*, No. 22-cv-1772-JPG (S.D. Ill. 2022).
[2] In Case No. 21-cv-867, Plaintiff brought a claim for inadequate medical treatment of the aneurysm, but the claim was dismissed without prejudice at screening because he failed to name any defendants in connection with it. Plaintiff did not replead the claim in Case No. 21-cv-867.

1

dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the statement of his claim:

> On September 26, 2019, Franklin County Jail put me in Holding Cell #4 for Approx 8 days. Then put me in B-Block for 1½ years and sent grievances to the Sheriff David Bartoni, about my anureysm (sic) on the back of my head. No responses. At All for 30 grievances. Ignored like always. Grievances fill out of over 200 for seeking remedies for the Complaints filed. Courts of the United States District Court for the Southern District of Illinois has the copies of the 30 grievances I fill out and the medical complaints, ignored, for 17 months.

 (Doc. 1, p. 8).

## Preliminary Dismissals

Plaintiff identifies certain defendants in the caption of his Complaint and fails to mention them in the statement of his claim, including Franklin County Sheriff Department and Deputy Sheriff Kyle Bacon.  Naming a defendant in the caption is not enough to state a claim against the defendant.  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Section 1983 creates a cause of action based on personal liability and predicated upon fault.  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Therefore, a plaintiff must set forth allegations describing what each defendant did, or failed to do, in violation of his federally protected rights.  *Id*.  Because the Complaint does not describe any act or omission by these defendants which caused a deprivation of Plaintiff's constitutional rights, Franklin County Sheriff Department and Deputy Sheriff Kyle Bacon shall be dismissed without prejudice.

**Discussion**

Turning to the allegations in the *pro se* Complaint, the Court deems it appropriate to organize the claims against the only remaining defendant, Sheriff David Bartoni, into the following counts:

**Count 1:** Fourteenth or Eighth Amendment claim against Sheriff David Bartoni for disregarding Plaintiff's requests for medical treatment for his aneurysm at the Jail for seventeen months beginning September 26, 2019.

**Count 2:** Fourteenth Amendment due process claim against Sheriff David Bartoni for mishandling Plaintiff's thirty grievances about his aneurysm for seventeen months beginning September 26, 2019.

**Count 3:** First and/or Fourteenth Amendment claim against Sheriff David Bartoni for interfering with Plaintiff's access to the courts by refusing to address his grievances and preventing him from exhausting his administrative remedies before bringing suit, as required by the Prison Litigation Reform Act.

Any other claims mentioned in the Complaint but not addressed herein are considered dismissed without prejudice as inadequately pled under *Twombly*.[3] These claims include Plaintiff's passing reference to a denial of equal protection, failure to file reports of tampering with legal mail, and violations of federal statutes (*e.g.*, 42 U.S.C. §§ 2000cc-2 and 27 U.S.C. § 1229), among others.

**Count 1**

The applicable legal standard for this claim depends on Plaintiff's legal status when his claims arose. The Fourteenth Amendment's objective unreasonableness standard governs a pretrial detainee's claim of inadequate medical care for a serious condition. *See Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). The Eighth Amendment deliberate indifference standard governs the same claim brought by a convicted person. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Although Plaintiff did not identify himself as a pretrial detainee or convicted prisoner during the

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

relevant time period, his exact legal status can be sorted out during discovery.

For § 1983 liability to attach under the Eighth or Fourteenth Amendment, a plaintiff must establish that each defendant, through his or her own misconduct, caused the deprivation of his constitutional rights to occur. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). This is because a "government official is only liable for his or her own misconduct. *Id.* (quoting *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015)). In other words, a plaintiff seeking to recover damages against a supervisory official cannot rely on a theory of *respondeat superior*. *Id*.

Plaintiff brings Count 1 against Sheriff Bartoni for his involvement in the denial of medical care for an aneurysm. According to the allegations, the sheriff received and ignored thirty grievances over the course of seventeen months. The high-ranking official allegedly took no action to help secure medical care for Plaintiff's serious condition after receiving notice of the untreated condition. An inmate's correspondence to a high-ranking official may establish a basis for personal liability under § 1983 where the correspondence provides sufficient knowledge of a constitutional deprivation. *Perez*, 792 F.3d at 781 (citing *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)). Once alerted about an excessive risk to an inmate's safety or health through the inmate's correspondence, "refusal or declination to exercise the authority of his or her office may reflect deliberate disregard." *Id*. Plaintiff's allegations against the sheriff are sufficient to support an Eighth or Fourteenth Amendment claim against this high-ranking official at screening, so Count 1 shall receive further review against Sheriff Bartoni.

**Count 2**

Although a defendant cannot avoid § 1983 liability by ignoring an inmate's grievances, it is well-settled that mishandling grievances gives rise to no independent Fourteenth Amendment

4

due process claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Grievance procedures are not constitutionally mandated. *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008). These procedures do not implicate the Due Process Clause *per se*. *Id*. The Complaint supports no claim against the sheriff in Count 2 and shall therefore be dismissed with prejudice.

### Count 3

Plaintiff suggests that the failure to address his grievances somehow interfered with his pursuit of meritorious claims in this or his prior case, *Wakefield v. Franklin County Jail, et al.*, No. 21-cv-867-JPG (S.D. Ill. 2021). Pretrial detainees and prisoners, alike, possess a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977); *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993). The court uses a two-part test to analyze a claim of interference with court access. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the plaintiff must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (quoting *Bounds*, 430 U.S. at 828). Second, the plaintiff must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268. Plaintiff's allegations establish neither of these elements.

At most, Plaintiff alleges a delay in filing his prior suit or litigating his claims because the sheriff ignored his grievances. However, the PLRA does not require an inmate to exhaust administrative remedies that are unavailable. Therefore, allegations that the sheriff mishandled his grievances supports no access to courts claim as described in the Complaint, so Count 3 shall be dismissed without prejudice.

**Disposition**

**IT IS ORDERED** that the **COMPLAINT** (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 1** will proceed against Defendant **DAVID BARTONI**.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** with prejudice, and **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim for relief against any defendant. Defendants **FRANKLIN COUNTY SHERIFF DEPARTMENT** and **KYLE BACON** are **DISMISSED** without prejudice because no claim is stated against either defendant, and the Clerk's Office is **DIRECTED** to **TERMINATE** the **FRANKLIN COUNTY SHERIFF DEPARTMENT** and **KYLE BACON** as defendants.

**Because Count 1 involves the alleged denial of medical care, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Plaintiff's Motion for Recruitment of Counsel (Doc. 13) is **DENIED** without prejudice, based on Plaintiff's failure to demonstrate reasonable efforts to find counsel on his own[4] before asking the Court to assist him and based on his failure to establish the need for an attorney to help him litigate his single claim against one defendant in this case.[5] Plaintiff's Motion for Sanctions (Doc. 14), Motion for Warrants of Arrest (Doc. 15), and Motion for Complaint (Doc. 16) are **DENIED** without prejudice. These documents contain requests that should either be included in a Complaint or excluded altogether because the relief pertains to non-parties. Finally, Plaintiff's Notice (Doc. 17) has no bearing on Count 1 and requires no action on the part of the Court.

---

[4] Plaintiff provided a list of names of attorneys or law firms he contacted, but he failed to indicate when he contacted them, what he requested of them, and how they responded.

[5] Plaintiff discloses some college education. Despite his medical impairment, Plaintiff has also demonstrated his ability to prepare and file complaints, motions, and pleadings in numerous cases (simultaneously) in this District. At this early stage, the Court declines to recruit counsel for Plaintiff.

With respect to **COUNT 1**, the Clerk of Court shall prepare for **DAVID BARTONI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, as authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **<u>Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order</u>**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  5/17/2023**                                                              s/J. Phil Gilbert
                                                                                                **J. PHIL GILBERT**
                                                                                                **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve the defendant with a copy of your Complaint.  After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions.  Motions filed before counsel for the defendant has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**