UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC L. WAKEFIELD,<br><br>    Plaintiff,<br><br>  v.<br><br>FRANKLIN COUNTY SHERIFF DEPARTMENT, DAVID BARTONI, and KYLE BACON,<br><br>    Defendants. | Case No. 22-cv-1766-JPG |
| ERIC L. WAKEFIELD,<br><br>    Plaintiff,<br><br>  v.<br><br>FRANKLIN COUNTY JAIL, ANTHONY SKOBEL, S. BARRA, KIETH LAMPLEY, MATT PEMBERTON, ANN LYTLE, FRANKIE VALESQUEZ, JOHN WHEATLEY, MEGAN DUIGUIN, MALLORY KELLEY, KENNY JACOBS, GAGE DARNELL, PATRICIA JACKSON, GERALD DORRIS, CASEY JACKSON, JACOB BARTONI, and ZANE YOUNG,<br><br>    Defendants | Case No. 22-cv-1768-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on two motions filed by plaintiff Eric L. Wakefield for sanctions against his former assigned counsel Kathryn Boyle and Alyssa Weitkamp and opposing counsel Joseph Bleyer (Docs. 97 & 102).

**I.    First Motion (Doc. 97)**

The Court will consider Wakefield's first motion because he filed it during a period

where he was not represented by counsel.  Boyle and Weitkamp had been relieved of their assignment, and Wakefield's new counsel had not yet appeared.  Wakefield faults Boyle and Weitkamp for recording a telephone conversation they had with him and neglecting his case in some unspecified way.  He also faults his counsel and opposing counsel for concealing evidence.  He asserts many other wrongs without any specific factual allegations.

To the extent Wakefield asserts violations of his rights under the First, Eighth, and Fourteenth Amendments to the Constitution, those provisions only bind government actors, and Wakefield's former counsel were private attorneys.  Thus, they cannot violate those constitutional rights unless they act in concert with government actors.  Wakefield has alleged no facts showing they were.

Further, none of the conduct he alleges violates any rule of professional conduct or the attorney-client privilege.  It appears to the Court that Boyle and Weitkamp did an outstanding job of representing a difficult client.  Again, they have the Court's thanks.  Accordingly, the Court **DENIES** Wakefield's first motion for sanctions (Doc. 97).

**II.      Second Motion (Doc. 102)**

The latter motion (Doc. 102) was efiled on January 16, 2026, using the efiling system at Wakefield's institution of incarceration, Danville Correctional Center.  Wakefield filed this motion *pro se*, although he was represented by counsel at the time of filing.  His newly appointed counsel entered an appearance on January 8, 2026 (Doc. 100).  "[A] defendant who is represented by counsel relinquishes the right to file his own *pro se* submissions."  *United States v. Khatib*, 606 F. App'x 845, 847 (7th Cir. 2015) (citing *United States v. Williams*, 495 F.3d 810, 813 (7th Cir. 2007)).  "Representation by counsel and self-representation are mutually exclusive."  *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992).  So-called "hybrid representation"

confuses and extends matters at trial and in other proceedings. *See United States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir. 2001).  The Court may strike as improper any such *pro se* motion. *See, e.g., United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998).  The Court **STRIKES** Wakefield's second motion for sanctions because he filed it while he was represented by counsel (Doc. 102).

Prior to the motions stricken by this order, Wakefield had filed *pro se* motions on at least two separate occasions while represented by counsel.  Both times, the Court explained to him that he cannot filed his own motions while he is represented by counsel (Docs. 61 & 89).  It further warned him that if he continued to make further *pro se* filings while he is represented by counsel, the Court would instruct the Clerk of Court to refuse to accept them for filing (Doc. 89). Nevertheless, Wakefield has persisted in his efforts to file *pro se* motions and documents while represented by counsel.  Consequently, as it warned it would do, the Court **DIRECTS** the Clerk of Court to refuse to accept from Wakefield any *pro se* motion or document while he is represented by counsel and to return any such tendered motion or document to him unfiled.

The Court **DIRECTS** the Clerk of Court to send a copy of this order to Boyle and Weitkamp.

**IT IS SO ORDERED.**
**DATED:  January 29, 2026**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**