UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC L. WAKEFIELD,

     Plaintiff,

  v.

FRANKLIN COUNTY SHERIFF
DEPARTMENT, DAVID BARTONI, and
KYLE BACON,

     Defendants.

Case No. 22-cv-1766-JPG

---

ERIC L. WAKEFIELD,

     Plaintiff,

  v.

FRANKLIN COUNTY JAIL, ANTHONY
SKOBEL, S. BARRA, KIETH LAMPLEY,
MATT PEMBERTON, ANN LYTLE,
FRANKIE VALESQUEZ, JOHN
WHEATLEY, MEGAN DUIGUIN,
MALLORY KELLEY, KENNY JACOBS,
GAGE DARNELL, PATRICIA JACKSON,
GERALD DORRIS, CASEY JACKSON,
JACOB BARTONI, and ZANE YOUNG,

     Defendants

Case No. 22-cv-1768-JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court on defendant David Bartoni's motion for leave to

depose plaintiff Eric Wakefield by oral examination (Doc. 130). The defendant reports that he

has been working with the various counsel assigned to represent Wakefield on written discovery

in anticipation of scheduling the deposition, but that the departures of counsel due to

disagreements with Wakefield have prevented the parties from scheduling the deposition. The

defendant assures the Court that taking Wakefield's deposition will not delay the trial, which is scheduled for August 24, 2026.

The foregoing troubles with coordinating Wakefield's deposition are good cause for allowing the defendants to depose Wakefield beyond the June 18, 2026, discovery deadline and the May 1, 2026, deposition deadline in the scheduling and discovery order (Doc. 109-1). *See* Fed. R. Civ. P. 16(b)(4) (allowing schedule to be modified for good cause).

Accordingly, the Court **GRANTS** the motion (Doc. 130), **GRANTS** leave to depose Wakefield, who is confined in prison, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), and **ORDERS** that the defendant shall have up to and including August 17, 2026, or any other time agreed to by the parties, to depose the plaintiff.

The Court **WARNS** Wakefield that his failure or refusal to attend a properly noticed deposition and to be sworn or to answer questions at the deposition may result in an order compelling his attendance and responses to deposition questions. Fed. R. Civ. P. 37(a)(1) & (3)(C). The failure to obey an order to compel may, in turn, subject Wakefield to sanctions including, but not limited to, dismissal of this action. Fed. R. Civ. P. 37(b)(2)(A)(v). He may also be liable to pay the defendant's reasonable expenses incurred in making the motion to compel, including attorney's fees, Fed. R. Civ. P. 37(a)(5)(A), and/or the defendant's reasonable expenses, including attorney's fees, caused by the failure to attend the deposition or answer oral questions under oath, Fed. R. Civ. P. 37(b)(2)(C).

**IT IS SO ORDERED.**
**DATED:  August 4, 2026**

_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2