UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC L. WAKEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BARTONI, *et al.*,<br><br>Defendants. | Case No. 22-cv-1766-JPG |
| ERIC L. WAKEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY SKOBEL, *et al.*,<br><br>Defendants. | Case No. 22-cv-1768-JPG |

**RULE 56 NOTICE**

This matter comes before the Court on Defendants' motion for summary judgment (Doc. 145). Along with their motion, Defendants filed a Rule 56 Notice which, however, does not comply with the requirements of Local Rule 56.1(j) as it cites an outdated version of Federal Rule of Civil Procedure 56. (Doc. 146-1). Further, the notice does not apprise Plaintiff of the requirements of Local Rule 56.1. Thereafter, Plaintiff filed a response to the motion for summary judgment which does not comply with the requirements of Fed. R. Civ. P. 56 and Local Rule 56.1 in several ways, including that it does not address Defendants' statement of material facts. As a *pro se* litigant, Plaintiff is entitled to notice of the consequences of failing to respond to a motion for summary judgment. *See Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Accordingly, Plaintiff is advised as follows.

Federal Rule of Civil Procedure 56 provides, in pertinent part:

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense – or part of each claim or defense – on which the summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

***

**(c) Procedures.**

**(1)** ***Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)** ***Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** ***Materials Not Cited.*** The court need only consider the cited materials, but it may consider other materials in the record.

**(4)** ***Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

***

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

> **(3)** grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> **(4)** issue any other appropriate order.

Fed. R. Civ. P. 56.

Further, Local Rule 56.1 provides in pertinent parts:

> (b) Briefs in opposition to a motion for summary judgment must contain a Response to Statement of Material Facts. The response shall contain corresponding paragraphs to the Statement of Material Facts that state whether the fact is: (1) admitted; (2) disputed; (3) admitted in part and disputed in part (specifying which part is admitted and which part is disputed); or (4) not supported by the record citation. The disputed facts, or parts of facts, shall contain specific citation(s) to the record, including page number(s), upon which the opposing party relies, where available.
>
> (c) An opposing party may provide a Statement of Additional Material Facts in its opposition brief which sets forth any additional material facts in separately numbered paragraphs. The Statement of Additional Material Facts must contain specific citation(s) to the record, including page number(s).
>
> ***
>
> (e) Briefs in support of or in opposition to a Motion for Summary Judgment shall not exceed 20 pages, exclusive of all documents listed in SDIL-LR 7.1(a)(3) and any Statement of Material Facts, Response to Statement of Material Facts, Statement of Additional Material Facts, or Reply to Statement of Additional Material Facts.
>
> (f) The Court will disregard any asserted fact that is not supported with a citation to the record, unless the factual basis for the assertion is clearly identifiable from the parties' related citations or permissible inference.
>
> (g) All material facts set forth in a Statement of Material Facts or a Statement of Additional Material Facts shall be deemed admitted for purposes of summary judgment unless specifically disputed.
>
> (h) The Court may strike any motion or response that does not comply with this Local Rule.
>
> ***

> (j)This Local Rule applies equally to represented and *pro se* parties. Motions for summary judgment served on *pro se* parties must be accompanied by a certification that notice of the consequences for failing to respond to a motion for summary judgment has been served on the *pro se* party as required by *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

SDIL-LR 56.1.

Consistent with Rule 56 and Local Rule 56.1, properly supported factual allegations made in the movant's affidavits and/or other documentary evidence may be taken as true by the Court *unless* the opposing party (Plaintiff) contradicts with proper citation to counter-affidavits or other admissible evidence. Plaintiff's factual allegations in the pleadings are insufficient to establish a genuine dispute as to a material fact. If Plaintiff does not respond to the motion for summary judgment, the Court may grant judgment in favor of Defendants and terminate this entire action.

Finally, the Court finds it appropriate to grant Plaintiff an extension of time up to **November 10, 2026**, to file an amended response that complies with Fed. R. Civ. P. 56 and Local Rule 56.1. Plaintiff is warned that, absent extraordinary circumstances, no extensions of time will be granted.

**IT IS SO ORDERED.**
**DATED: October 13, 2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**DISTRICT JUDGE**